UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

ARTUR GORILOVSKY,

Debtor.
-----------------------------------------------------------X

Case No. 22-42428 (JMM)

Chapter 11

**NOTICE OF HEARING ON OBJECTION TO HOMESTEAD EXEMPTION**

**PLEASE TAKE NOTICE,** that, by the motion (the "Motion") of Oleg Baybakov and Ilya Bykov (the "Movants"), by and through their counsel, Macco Law Group, LLP, will move before the Honorable Jill Mazer-Marino, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201 on **December 21, 2022 at 10:00 a.m.** or as soon thereafter as counsel may be heard, for an order expunging the Debtor's homestead exemption.

**PLEASE TAKE FURTHER NOTICE**, Judge Mazer-Marino conducts hearings telephonically and by videoconference. All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances. eCourt Appearances registration is required by both attorneys and non-attorney participants. Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF.

**PLEASE TAKE FURTHER NOTICE**, those without CM/ECF accounts may access the program on the website at **https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl**. Once registered, eCourt Appearances will email the telephone number and/or video link for your hearing. You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until **48 hours before the hearing date**. Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after

registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought in the Motion must conform to the applicable Bankruptcy Rules and Local Bankruptcy Rules so as to be received not later than **seven (7) days prior.**

Dated: November *18*, 2022
Islandia, New York

**MACCO LAW GROUP, LLP**
Attorneys for the Movants

By: s/ Cooper J Macco
Cooper J Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

ARTUR GORILOVSKY,

Debtor.
-----------------------------------------------------------X

Case No. 22-42428 (JMM)

Chapter 11

**OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

Oleg Baybakov ("Baybakov") and Ilya Bykov ("Bykov", and together with Baybakov, the "Movants"), by and through their counsel, Macco Law Group, LLP, object to the homestead exemption asserted by Artur Gorilovsky (the "Debtor"), the above-referenced debtor and debtor-in-possession, and respectfully set forth as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157(a) and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for relief are Bankruptcy Code §522, and Rules 4003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

5. Debtor is the fee simple owner of: (a) two (2) lots of real property located at, and known as: (i) 615 Ovington Avenue, Apartment 1A, Brooklyn, NY 11209 ("Lot 1001"), and (ii) 615 Ovington Avenue, Apartment 1B, Brooklyn, NY 112109 ("Lot 1002", and collectively with Lot 1001, the "615 Ovington"); and (b) 10 Avenue P, Apt 1E, Brooklyn NY ("Avenue P", and together with 615 Ovington, the "Real Property").

6. On September 30, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code.

7. Debtor's Petition, as subsequently amended, states that Debtor resides at Avenue P. A copy of the Debtor's Petition is annexed hereto as **Exhibit A**.

8. Schedule C to the Debtor's Petition states that the Debtor claims a homestead exemption in 615 Ovington in the amount of $179,975 (the "Homestead Objection") pursuant to CPLR §5206. A copy of Schedule C to the Petition is annexed hereto as **Exhibit B.**

9. On November 4, 2022 (the "§341 Date"), Debtor appeared at the Bankruptcy Code §341 First Meeting of Creditors (the "§341 Meeting") and testified that Debtor currently resided at Avenue P and had done so for several years prior to the Petition Date. Movants have requested a copy of the transcript of the §341 Meeting from the Office of the Unites States Trustee will file same with the Court in advance of the hearing date.

10. The Office of the United States Trustee closed the §341 Meeting on the §341 Date.

## **RELIEF REQUESTED**

11. NY CPLR §5206, made applicable in this proceeding by Bankruptcy Code §522(b)(3), permits a debtor to assert a homestead exemption not exceeding $179,825 in "a lot of land with a dwelling thereon, shares of stock for a cooperative apartment cooperation, units of a condominium apartment, or a mobile home" provided such property "owned and occupied as a principal residence. . ."

12. Bankruptcy Rule 4003 states that "parties in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded. . ."

13. Pursuant to NY CPLR §5206, ownership and occupancy of the property are essential to the debtor's entitlement to a homestead exemption. *See In re Bellafiore*, 492 B.R. 109, 113 (Bankr. E.D.N.Y. 2013); *In re Martiny*, 378 B.R. 52, 53 (Bankr. W.D.N.Y. 2007).

14. While NY CPLR 5206 does not define "principal residence", Courts generally understand residence to turn on whether, as of the petition date the debtor: (a) had actual physical occupancy on a regular basis; and (b) had an intent to reside permanently in a dwelling. *See In re Stanley*, 461 B.R. 161, 165 (Bankr. E.D.N.Y. 2011); *Bellafiore*, 492 B.R. at 114; *Stanley*, 461 B.R. at 165; *In re Scott*, 233 B.R. 32, 41 (Bankr. N.D.N.Y. 1998).

15. On the Petition Date, Debtor did not reside at 615 Ovington, and did not express an intent to reside permanent at 615 Ovington.

16. Debtor's Petition and Schedules state that Debtor resides at Avenue P.

17. Debtor's testimony at the Bankruptcy Code §341 Meeting included testimony that: (a) Debtor resides at Avenue P; and (b) Debtor intends to lease 615 Ovington to repay creditors.

18. Based on the foregoing, Movants assert that Debtor is not entitled to claim a homestead exemption pursuant to NY CPLR §5206 in 615 Ovington.

19. No previous request for the relief requested herein has been made in this or any other Court.

## NOTICE

20. The Movants have served the Notice of this Motion, the Motion with all exhibits, upon: (1) the Debtor and his attorneys; (2) the Office of the United States Trustee; and (3) all creditors and parties in interest; and the Movants submit that further notice is neither required nor necessary.

**WHEREFORE,** the Movant respectfully requests the Court enter an order: (A) expunging the Debtor's Homestead Exemption in 615 Ovington; and (B) granting such other and further relief as the Court deems just and proper.

Dated: November *18*, 2022
Islandia, New York

**MACCO LAW GROUP, LLP**
Attorneys for the Movants

By: *s/ Cooper J Macco*
Cooper J Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

# EXHIBIT A

9/30/22 1:54PM

| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the:<br>EASTERN DISTRICT OF NEW YORK | |
| Case number *(if known)* | Chapter you are filing under:<br>☐ Chapter 7<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 |

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

02/20

**The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | **Artur**<br>First name<br><br>Middle name<br>**Gorilovsky**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** (ITIN) | **xxx-xx-3162** | |

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number *(if known)*

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EIN | ☐ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EIN |
| **5. Where you live** | **10 Avenue P apt. 1E**<br>**Brooklyn, NY 11209**<br>Number, Street, City, State & ZIP Code<br><br>**Kings**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number, Street, City, State & ZIP Code<br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number *(if known)*

**Part 2: Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

District ____ When ____ Case number ____
District ____ When ____ Case number ____
District ____ When ____ Case number ____

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

Debtor ____ Relationship to you ____
District ____ When ____ Case number, if known ____
Debtor ____ Relationship to you ____
District ____ When ____ Case number, if known ____

**11. Do you rent your residence?**

- ■ No. Go to line 12.
- ☐ Yes. Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number *(if known)*

**Part 3: Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No. Go to Part 4.

☐ Yes. Name and location of business

Name of business, if any

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No. I am not filing under Chapter 11.

■ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number *(if known)*

## Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

### About Debtor 1:

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

- ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.
- ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.
- ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

### About Debtor 2 (Spouse Only in a Joint Case):

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of**:

- ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.
- ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.
- ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**Part 6:** **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☐ No. Go to line 16b.
- ■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

- ☐ No
- ☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**Part 7:** **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Artur Gorilovsky**
**Artur Gorilovsky**
Signature of Debtor 1

Signature of Debtor 2

Executed on **September 30, 2022**
MM / DD / YYYY

Executed on
MM / DD / YYYY

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number *(if known)*

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Alla Kachan**
Signature of Attorney for Debtor

Date **September 30, 2022**
MM / DD / YYYY

**Alla Kachan 4244281**
Printed name

**Law Offices Of Alla Kachan, P.C.**
Firm name

**2799 Coney Island Avenue**
**Suite 202**
**Brooklyn, NY 11235**
Number, Street, City, State & ZIP Code

Contact phone **(718) 513-3145** Email address **alla@kachanlaw.com**

**4244281 NY**
Bar number & State

# EXHIBIT B

9/30/22 1:54PM

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Artur Gorilovsky | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| **Brief description of the property and line on *Schedule A/B* that lists this property** | **Current value of the portion you own**<br>Copy the value from *Schedule A/B* | **Amount of the exemption you claim**<br>*Check only one box for each exemption.* | **Specific laws that allow exemption** |
|---|---|---|---|
| **615 Ovington Avenue Apt 1B Brooklyn, NY 11209 Kings County**<br>Line from *Schedule A/B*: **1.1** | **$1,440,000.00** | ■ **$179,975.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5206** |
| **Furniture**<br>Line from *Schedule A/B*: **6.1** | **$4,000.00** | ■ **$4,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(5)** |
| **Electronics**<br>Line from *Schedule A/B*: **7.1** | **$1,000.00** | ■ **$1,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(5)** |
| **Clothes**<br>Line from *Schedule A/B*: **11.1** | **$1,000.00** | ■ **$1,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(5)** |
| **2 dogs**<br>Line from *Schedule A/B*: **13.1** | **$1,000.00** | ■ **$1,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(4)** |

9/30/22 1:54PM

Debtor 1 **Artur Gorilovsky** Case number (if known)

| **Brief description of the property and line on *Schedule A/B* that lists this property** | **Current value of the portion you own**<br>Copy the value from *Schedule A/B* | **Amount of the exemption you claim**<br>*Check only one box for each exemption.* | **Specific laws that allow exemption** |
|---|---|---|---|
| **Cash**<br>Line from *Schedule A/B*: **16.1** | **$200.00** | ■ **$200.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(9)** |

3. **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

- ☐ No
- ☐ Yes

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

ARTUR GORILOVSKY,

Debtor.
-----------------------------------------------------------X

Case No. 22-42428 (JMM)

Chapter 11

## AFFIRMATION OF SERVICE

**COOPER J MACCO**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age and resides at Huntington, New York.

On November 18, 2022, deponent served the within:

- **NOTICE OF HEARING ON OBJECTION TO HOMESTEAD EXEMPTION**
- **OBJECTION TO HOMESTEAD EXEMPTION**

upon the following parties at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO: **DEBTOR'S ATTORNEYS**
Law Offices of Alla Kachan P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235

**DEBTOR**
Artur Gorilovsky
10 Avenue P., Apt 1E
Brooklyn, NY 11209

**OFFICE OF THE UST**
Office of the United States Trustee
Eastern District of NY
Brooklyn Office
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

I declare under the penalty of perjury that the foregoing is true and correct. Executed on the 18 day of November, 2022.

s/ Cooper J Macco
COOPER J MACCO